**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK BERRY, on behalf of himself and all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>WEBLOYALTY.COM, INC., a Delaware corporation; MOVIETICKETS.COM, INC., a Delaware corporation,<br><br>        Defendants - Appellees. | No. 11-55764<br><br>D.C. No. 3:10-cv-01358-H-CAB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted January 11, 2013
Pasadena, California

Before: O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KORMAN, Senior District Judge.[**]

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Edward R. Korman, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff Patrick Berry appeals the district court's dismissal of his suit for failure to state a claim against Webloyalty.com and Movietickets.com. We vacate and remand because Berry lacks Article III standing.

"To invoke the jurisdiction of the federal courts," Berry "must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To have constitutional standing under Article III, a party must demonstrate an injury in fact that is traceable to the challenged action and that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). At the motion to dismiss stage, we accept as true all factual allegations in the complaint and draw all reasonable inferences therefrom in the nonmoving party's favor. *Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*, 648 F.3d 986, 991 (9th Cir. 2011). "[B]ecause issues of constitutional standing are jurisdictional, they must be addressed whenever raised." *Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.*, 219 F.3d 895, 899 (9th Cir. 2000).

Berry has alleged no injury in fact sufficient to support Article III standing. The record reveals Berry was fully compensated by Webloyalty.com for the $36.00 charged against his debit card. The $1.00 charge appearing in his account history is clearly marked as a debit card authorization rather than as an actual charge.

2

Berry has not shown that he incurred any other injury as a result of defendants' actions.

Because we hold that Berry lacks standing, we do not reach his other contentions. We "vacate the district court's order and remand with instructions to dismiss without prejudice." *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106 (9th Cir. 2006).

**VACATED, and REMANDED with instructions.**